In re Application for CERTIFICATE OF NEED BY HCA HEALTH SERVICES OF WYOMING, INC.

LANDER VALLEY REGIONAL MEDICAL CENTER, Petitioner,

v.

WYOMING CERTIFICATE OF NEED REVIEW BOARD, and HCA Health Services of Wyoming, Inc., Respondents.

No. 83–212.

Supreme Court of Wyoming.

Oct. 3, 1984.

David R. Nicholas and Philip Nicholas of Corthell, King, McFadden, Nicholas, Prehoda & Olson, Laramie, John D. Harwell of Memel, Jacobs, Pierno & Gersh, Los Angeles, Cal., for petitioner.

A.G. McClintock, Atty. Gen., Kathleen M. Karpan, Asst. Atty. Gen., G. Paul Hunter, Legal Intern, Cheyenne, for respondent Wyoming Certificate of Need Review Bd.

Richard I. Leedy of Hettinger & Leedy, Riverton, Michael R. Murphy and Gregg I. Alvord of Jones, Waldo, Holbrook & McDonough, Salt Lake City, Utah, for respondent HCA Health Services of Wyoming, Inc.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROSE, Justice.

This case concerns the obligation of the State Certificate of Need Review Board (Board), created by The New Institutional Health Services Act, §§ 35–2–201 through 35–2–214, W.S.1977, to afford a trial-type hearing to one hospital in connection with authorizing the construction of a competing hospital in a neighboring community. We will hold that federal and state statutes require the Board to provide an opportunity for a hearing to entities affected by its decision to issue or deny a certificate of need for a new health-care facility. We will, therefore, remand this case to enable the respondent Board to provide such a hearing to petitioner Lander Valley Regional Medical Center (Lander Valley).

## BACKGROUND

*Legislation*

The National Health Planning and Resources Development Act of 1974, 42 U.S.C. §§ 300k–300n, established a national health-planning program and authorized financial assistance to the state and local agencies which were given primary responsibility for planning and coordinating health services, manpower, and facilities. See 42 U.S.C. § 300k(b). The Act requires states wishing to participate in the federal funding program to designate a health planning and development agency to administer a state certificate-of-need program, consistent with federal standards, for the construction of new health-care institutions and the acquisition of major medical equipment. 42 U.S.C. §§ 300m–2(a)(1)(A), (a)(4)(B) and 300m–6. Under the certificate-of-need program, the state agency must review and determine the need for any proposed health service or facility prior to the commitment of substantial funds for the project. 42 U.S.C. § 300m–6(a)(1) and (2). In this way, a state can facilitate the rational distribution of quality health-care services and the containment of costs to consumers for such services.

In response to this federal law, the Wyoming legislature in 1977 enacted The New Institutional Health Services Act, §§ 35–2–201 through 35–2–212, supra. Section 35–2–203 of the Act created a certificate of need review board, composed of five members who are health-care providers and seven members who are consumers. Section 35–2–204(b) and (c) directs the Board to evaluate certificate-of-need applications for compliance with state health plans and specified criteria. The evaluation process includes notice to "affected persons" and solicitation of comments at a "public meeting." Section 35–2–206(e) and (f). Upon Board approval, the Department of Health and Social Services issues certificates of need. Section 35–2–204(b). The Act makes no provision for a trial-type hearing either prior to the Board's decision or after a certificate of need has been granted.

*Issuance of Certificate of Need to HCA Health Services of Wyoming, Inc.*

On March 14, 1983, respondent HCA Health Services of Wyoming, Inc. (HCA) applied for a certificate of need to replace its 56-bed hospital in Riverton, Wyoming, with a 70-bed facility. Lander Valley, as the operator of another hospital in the same county as the proposed facility, received notice of the pending certificate of need. At informal public meetings conducted on two separate days in June, 1983, the Board heard comments from the applicant, from an expert in management systems for Lander Valley, and from members of the public. These meetings were recorded on tape and transcribed. At the conclusion of the second meeting, the Board voted to issue a certificate of need to HCA, notwithstanding the fact that the proposed hospital exceeded the number of beds recommended for the county in developed health plans.

Following the Board's approval of the certificate of need for HCA, Lander Valley sought an administrative appeal in accordance with the Board's rules and regulations which afford a hearing to an entity "aggrieved or adversely affected" by a Board decision (Chapter XVI, § 1a, Rules and

Regulations, New Institutional Health Services Act (Revised September, 1982). Lander Valley also petitioned the district court for judicial review of the issuance of the certificate of need to HCA.

The Board granted Lander Valley's request for a hearing and an independent hearing officer was appointed by the Governor. The hearing officer subsequently questioned whether the regulations providing for administrative review exceeded the Board's authority under The New Institutional Health Services Act, supra. After considering memoranda submitted by the parties, the hearing officer ordered a stay of the administrative appeal pending judicial resolution of the question. The district court certified the case to this court pursuant to Rule 12.09, W.R.A.P., 1984 Cum. Supp.

## ISSUES

Lander Valley's primary argument before this court concerns its right, under constitutional due process, federal and state law, and administrative rules, to a trial-type hearing before the Board in connection with HCA's application for a certificate of need. Lander Valley points out that any decision to issue or deny a certificate of need in the county necessarily affects its viability as a health-care provider, since state health plans allot the county a finite number of hospital beds. Accordingly, Lander Valley contends that it is entitled to present its position to the Board in a hearing at which the parties are represented by counsel and witnesses testify under oath subject to cross-examination.

We agree that federal and state laws envision such a hearing for one in petitioner's position. We will, therefore, reverse the grant of the certificate of need and remand this case for the appropriate administrative proceeding. Accordingly, we need not address Lander Valley's contention that the certificate of need must be set aside as issued in violation of the Board's procedural rules for public meetings and as contrary to state health plans.

## STATUTORY AUTHORITY FOR HEARING BEFORE CERTIFICATE OF NEED REVIEW BOARD

### Wyoming Administrative Procedure Act

Under the Wyoming Administrative Procedure Act, §§ 16–3–101 through 16–3–115, W.S.1977, "all parties" in a "contested case" must be afforded an opportunity for a hearing replete with statutory safeguards. Section 16–3–107. Section 16–3–101(b)(ii) defines "contested case" as

"* * * a proceeding including but not restricted to ratemaking, price fixing and licensing, in which legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for hearing."

A licensing decision constitutes a contested case if the agency must provide notice and an opportunity for a hearing:

"(a) When the grant, denial, suspension or renewal of a license is required by law to be preceded by notice and an opportunity for hearing the provisions of this act [§§ 16–3–101 through 16–3–115] concerning contested cases apply." Section 16–3–113(a), W.S.1977.

Section 16–3–101(b)(vi) defines a party for purposes of a contested-case proceeding:

"(vi) 'Party' means each person or agency named or admitted as a party or properly seeking and entitled as of right to be admitted as a party."

We have reviewed these provisions of the Wyoming Administrative Procedure Act in the past and said that an administrative matter qualifies as a contested case where the law, independent of the Wyoming Administrative Procedure Act, requires legal rights to be determined after an opportunity for a trial-type hearing. *Diefenderfer v. Budd*, Wyo., 563 P.2d 1355, 1359 (1977); *Thornley v. Wyoming Highway Department, Motor Vehicle Division*, Wyo., 478 P.2d 600, 603 (1971). We turn, then, to the federal and state legislation pertaining to procedural requirements for administrative review of certificate-of-need applications to determine (1) whether the agency must provide notice and opportunity for hearing

and, if so, (2) which entities are entitled to assert these protections.

*National Health Planning and Resources Development Act*

The federal Act, as amended in 1979, establishes minimum certificate-of-need procedures which participating states must furnish to qualify for financial assistance. These procedures include notification and a hearing at which affected persons may participate as parties:

"(b) Each health systems agency, State Agency, and Statewide Health Coordinating Council shall include in the [review] procedures * * * at least the following:

"(1) Timely written notification to affected persons of the beginning of a review and, if a person has asked the entity conducting the review to place the person's name on a mailing list maintained by the entity, such notification shall be sent to such person.

\* \* \* \* \* \*

"(12) The following procedural requirements with respect to proceedings under a certificate of need program:

"(A) Hearings under a certificate of need program shall be held before a State Agency or a health systems agency to which the State Agency has delegated the authority to hold such a hearing. In a hearing under the program, any person shall have the right to be represented by counsel and to present oral or written arguments and evidence relevant to the matter which is the subject of the hearing, any person directly affected by the matter which is the subject of the hearing may conduct reasonable questioning of persons who make factual allegations relevant to such matter, and a record of the hearing shall be maintained. * * *" 42 U.S.C. 300n–1(b)(1) and (12)(A).

The pertinent federal regulations define "affected persons" and mandate a public hearing upon their request, even if the state agency would not deem such persons "affected":

"The term 'affected persons' includes, at a minimum, the applicant; * * * health care facilities and health maintenance organizations (HMOs) located in the health service area in which the project is proposed to be located which provide services similar to the services of the facility under review * * *." 42 CFR § 123.401.

"(a) The procedures adopted and used by a State Agency for conducting the reviews covered by this subpart [certificate-of-need reviews] must include at least the following:

\* \* \* \* \* \*

"(8) *Public hearing in the course of review.* Provision for a public hearing in the course of agency review (and before the State Agency makes its decision) if requested by any affected person.

\* \* \* \* \* \*

"(ii) In a hearing, any person shall have the right to be represented by counsel and to present oral or written arguments and evidence relevant to the matter which is the subject of the hearing. Any person affected by the matter may conduct reasonable questioning of persons who make relevant factual allegations.

"(iii) The agency shall maintain a verbatim record of the hearing.

\* \* \* \* \* \*

"(v) * * * In the event that a person qualifying under the State Agency definition of 'affected person' is not provided an opportunity for a public hearing by the health systems agency, due to a difference in that agency's definition of 'affected persons,' the State Agency must provide that person an opportunity for a public hearing." 42 CFR 123.410(a)(8).

In addition to the public hearing, the federal Act requires participating states to provide administrative and judicial review of agency decisions concerning certificates of need. 42 U.S.C. § 300n–1(b)(12)(D) and (E).

*Wyoming's New Institutional Health Services Act*

The state law, enacted in 1977 and amended in 1981, provides for notice to persons affected by a certificate-of-need decision and directs the Board to conduct a "public meeting":

"(e) At the beginning of a review, the department will provide written notification to affected persons, including the public who are to be served by the new institutional health service. This notice will be published in one (1) newspaper of general circulation in the area of the proposed location of the new institutional health service and will provide the proposed review schedule and the procedure for interested parties to submit written comments." Section 35–2–206(e), W.S. 1977.

"(f) For an application requiring board review a public meeting shall be held concerning each certificate of need application and will be conducted by the board. The department will publish the time and place of the public meeting and the procedure for participation by the public in one (1) newspaper of general circulation in the area affected. If deemed necessary by the board, the public meeting shall be held in the area affected." Section 35–2–206(f), W.S. 1977, 1984 Cum.Supp.

The agency rules broadly define "affected person":

" 'Affected Person' means, at a minimum, the applicant, health care facilities, the public affected by a proposed project and organizations, political subdivisions and state agencies designated by the Board and Department to conduct reviews." Chapter I, § 3a(3), Rules and Regulations, supra.

The rules describe the public meeting as an opportunity for the applicant and other interested parties to speak, followed by questioning from the Board. No provision is made for sworn testimony, cross-examination or representation by counsel at public meetings, although such meetings are to be recorded. Chapter IX, Rules and Regulations, supra.

Section 35–2–208(a), W.S.1977, 1984 Cum. Supp., of the state Act provides for a "fair hearing" following the *denial* of a certificate of need, if requested by "the applicant or affected party":

"(a) The board is authorized to deny a certificate of need in any case in which the board has determined that the applicant has not demonstrated sufficient justification for the new institutional health services, or has not met the requirements established by this act [§§ 35–2–201 through 35–2–214] and the rules and regulations adopted. Notice shall be sent by certified mail to the applicant setting forth the reasons for the denial. *The decision denying the application shall become final thirty (30) days after it is mailed unless the applicant or affected party, within the thirty (30) day period, appeals in writing the decision by requesting a fair hearing.* Subject to an appeal to the district court pursuant to W.S. 35–2–214, the denial shall be in effect for one (1) year. Following the one (1) year denial period the applicant may resubmit the application for review. All resubmitted applications shall be treated by the department as a new application." (Emphasis added.)

The considerably broader administrative rules provide for a fair hearing following any Board decision:

"Any person, partnership, association, corporation, or any state, county or local governmental entities or any division, department, board or agency who is aggrieved or adversely affected by the decision of the Board or Department shall be given opportunity for a hearing as prescribed by the Wyoming Administrative Procedure Act and the New Institutional Health Service Act." Chapter XVI, § 1a, Rules and Regulations, supra.

Section 35–2–214 of the state Act authorizes judicial review of a Board decision concerning a certificate of need.

Respondents in the instant case assert that the Board, by conducting the public

meeting, afforded Lander Valley all of the procedural safeguards to which it was entitled under state law. Respondents contend that the Board rules and regulations, which envision a fair hearing for one in Lander Valley's position, impermissibly exceed statutory authority and are invalid.[1] The hearing officer, appointed at the request of Lander Valley, found this reasoning sound and stayed further administrative proceedings pending judicial resolution of the matter.

*Contested-Case Proceedings Apply to Certificate-of-Need Public Meetings*

 States choosing to participate in the federal funding program authorized by the National Health Planning and Resources Development Act must abide by the procedural due-process requirements of the Act. The federal district court of New York, in *Park East Corporation v. Califano*, 435 F.Supp. 46 (D.C.N.Y.1977), enjoined state officials from terminating a hospital's participation in the medicare/medicaid program prior to a hearing required by the Act. Noting that congress, in passing the Act, "intended federal preemption in the field of health planning," the court ruled that the state must adhere to the Act's mandatory review process. 435 F.Supp. at 50.

Similarly, in *Greater St. Louis Health Systems Agency v. Teasdale*, 506 F.Supp. 23 (D.C.Mo.1980), the federal district court of Missouri, adopting a supremacy-clause argument, declared invalid portions of that state's certificate-of-need law which conflicted with the federal act. The court determined that the restrictive statutory method for selecting board members thwarted the federal objective of encouraging broad participation in the selection process.

In examining Wyoming's certificate-of-need statute, we find that we can uphold the review procedures by looking to the federal law for the nature and format of the "public meeting" to be held prior to the Board's decision. Section 35-2-206(f), supra. The federal law contemplates a trial-type hearing in line with that prescribed by the contested-case provisions of our Administrative Procedure Act. Such a hearing is mandatory, under the federal act, if requested by either the applicant or other affected entities following notification of the review process. If no request is made, an informal meeting would satisfy federal procedural requirements.

The overall statutory scheme of the certificate-of-need review process supports a reading in which "public meeting" is consistent with trial-type hearing. The notice requirement of § 35-2-206(e) goes hand-in-hand with the notion of a formal hearing upon request. See *Board of County Commissioners of Teton County v. Teton County Youth Services, Inc.*, Wyo., 652 P.2d 400, 413 (1982). The availability of judicial review under § 35-2-214 contemplates the development of a record for review—appropriately accomplished in these types of situations under trial-type conditions. *Board of County Commissioners of Teton County v. Teton County Youth Services*, supra, 652 P.2d at 410. Contested-case proceedings are particularly appropriate for ruling upon controversial, often complex, certificate-of-need applications which are likely to be finally determined in court.

 We hold, then, that the public-meeting requirement of § 35-2-206(f) derives meaning and substance from the corresponding federal enactment. We hold further that the notice and public-meeting requirements of our certificate-of-need re-

---

1. Section 16-3-103(d), W.S.1977, of the Wyoming Administrative Procedure Act provides:

"(d) No state agency rule or any amendment, repeal, modification or revision of the rule may be filed with the registrar of rules unless the rule has been submitted to the governor for review and the governor has approved and signed the rule. The governor shall not ap-

prove any rule or any amendment, repeal, modification or revision of the rule unless it:

"(i) Is within the scope of the statutory authority delegated to the adopting agency;

"(ii) Appears to be within the scope of the legislative purpose of the statutory authority; * * *."

view process comprise a contested case within the Wyoming Administrative Procedure Act. Any affected person, as defined by pertinent federal and state certificate-of-need regulations, is entitled, upon request, to participate as a party in such contested-case proceedings. This reading of § 35–2–206 effectuates the purpose of the legislature to adopt a certificate-of-need review process that complies with federal requirements and qualifies the state for financial assistance. When we can affirm the validity of a statute and further the legislative intent in enacting the measure, we are bound to do so. *McGuire v. McGuire,* Wyo., 608 P.2d 1278, 1285 (1980).

■ Respondent HCA contends that even if our statutes require a trial-type hearing in this case, Lander Valley waived its right to such a hearing by failing to raise the issue at the public meeting. No waiver occurred by reason of petitioner's silence at the public meeting. Lander Valley was entitled to rely on the duly promulgated Board rules which provided a fair hearing to any person adversely affected by a Board decision. Therefore, Lander Valley did not need to object to the public-meeting proceedings in order to preserve its right to a hearing.

We reverse the grant of the certificate of need and remand this matter so that, prior to rendering its decision, the Board may afford petitioner a trial-type hearing as prescribed by the Wyoming Administrative Procedure Act.