The **COMMITTEE TO RESTORE the MAYOR-COUNCIL FORM OF GOVERNMENT, Danny Holloway, its chairman and individually, Appellants (Defendants),**

v.

**CITY OF RAWLINS, a Wyoming municipal corporation, Appellee (Plaintiff),**

v.

**COUNCIL-MANAGER FORM OF GOVERNMENT COMMITTEE, Thomas J. Markos, its chairman and individually, Appellees (Defendants).**

No. 84–117.

Supreme Court of Wyoming.

Dec. 19, 1984.

Juan L. DeHerrera, Rawlins, signed the brief on behalf of appellants.

Steve D. Noecker, City Atty., Rawlins, signed the brief on behalf of appellee City of Rawlins.

Wade E. Waldrip, Rawlins, signed the brief on behalf of appellees Council-Manager Form of Government and Thomas J. Markos.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

This is an appeal from a district court order declaring that the petition to change the form of city government was not timely filed and was therefore invalid and void.

We affirm.

In the beginning of 1980, the City of Rawlins was governed by the mayor-council form of government. On March 24, 1980, a petition to change to the city manager form of government was filed pursuant to § 22–23–701, W.S.1977. A special election on the matter was held on May 22, 1980, with a majority of the votes cast in favor of the change. Thereafter at the regular primary and general municipal elections, held on September 9, 1980 and on November 11, 1980, an entire new governing body was elected. The newly elected councilmen took office at the first regular meeting of the city council on January 7, 1981, pursuant to § 22–23–404, W.S.1977. Since then the City of Rawlins has operated and been governed under the city manager form of government.

On May 10, 1984, another petition was filed to change the form of government back to that of the mayor-council form, again pursuant to § 22–23–701. When the city clerk was unable to certify that the petition was timely filed and therefore legally sufficient, a complaint for declaratory relief was filed in the district court by the City of Rawlins. The district court ruled that the petition was indeed not timely filed, whereupon this appeal was taken.

Appellants, Committee to Restore the Mayor-Council Form of Government and Danny Holloway, state the issue on appeal as follows:

"1. Did the Wyoming Legislature intend to require petitioners wishing to restore a mayor-council form of government to violate one or another statutory requirement?"

The statutes appellants see as presenting the conflict are § 22–23–701(a)(ii) [1] which requires that a petition for a change in the form of municipal government be filed 120 days before the next regularly scheduled municipal primary election, and § 22–23–701(a)(iii) [2] which requires that a petition may not be filed within four years after the existing form of government was established.

The same issue on appeal is stated by the appellee, City of Rawlins, as follows:

"Is the Appellants['] petition requesting that a special election be held to change the existing form of government of the City of Rawlins invalid and void because it was not filed within the time limits required by Wyo.Stat. § 22–23–701(a)(iii) (1977)?"

Appellants filed their petition more than 120 days prior to the municipal primary election held in 1984, thus complying with § 22–23–701(a)(ii), but did not file their petition four years after the existing form of government was established, thus not complying with § 22–23–701(a)(iii). Appellants argue that the word "established" is ambiguous in § 22–23–701(a)(iii) in that it could refer to the date of the special election authorizing the change in government, May 22, 1980, or to the date when the new form of government actually started operating, January 7, 1981. In either instance, the filing would be premature, but appellants argue that § 22–23–701(a)(iii) should fail completely because it conflicts with § 22–23–701(a)(ii) in this instance and is vague and ambiguous.

■ The intent of the legislature is clear: A new form of government is to be given a full four-year trial period in which it can operate without challenge. Thus the word "established" can only mean that date when the new form of government began to operate. Thereafter, a petition for change may be filed, but must be filed prior to 120 days before the "next regular municipal primary election," but after the existing form of government has been allowed to operate for four years uncontested. If the effect of this is to give a new form of government much more than four years to operate before a different form of government can be instituted because of the timing of elections, then, that is a decision made by the legislature, and it is not for the courts to determine otherwise.

■ The plain, ordinary language of a statute controls its meaning. Statutory ambiguity exists only if the statute is uncertain and susceptible to more than one meaning. *Attletweedt v. State,* Wyo., 684 P.2d 812 (1984); *State ex rel. Albany County Weed and Pest District v. Board of County Commissioners of Albany County,* Wyo., 592 P.2d 1154 (1979); *Department of Revenue and Taxation v. Irvine,* Wyo., 589 P.2d 1295 (1979); *DeHerrera v. Herrera,* Wyo., 565 P.2d 479 (1977); *Natrona County v. Casper Air Service,* Wyo., 536 P.2d 142 (1975). Such is not present in either § 22–23–701(a)(ii) or § 22–23–701(a)(iii).

■ The district court ruled that the city manager form of government was "established" on May 23, 1980; that the petition was filed less than four years after that date; and that therefore the petition was invalid and void. We hold that the city manager form of government was "established" on January 7, 1981, with the same result.

■ We have said in the past that the district court's judgment will be affirmed on appeal if sustainable on any legal ground appearing in the record. *Agar v. Kysar,* Wyo., 628 P.2d 1350 (1981); *Wightman v. American National Bank of Riverton,* Wyo., 610 P.2d 1001 (1980); *P & M*

---

1. Section 22–23–701(a)(ii) provides:
"(ii) A petition for a special election on the question of changing the form of government shall be filed with the city clerk at least one hundred twenty (120) days prior to the next regular municipal primary election."

2. Section 22–23–701(a)(iii) provides:
"(iii) A petition for change of the form of government may not be filed within four (4) years after the existing form of government was established."

*Cattle Company v. Holler*, Wyo., 559 P.2d 1019 (1977).

Affirmed.