**Marcia WALKER, Appellant (Plaintiff),**

v.

**Kathleen M. KARPAN, in her official capacity as Director, Julia E. Robinson, in her official capacity as Administrator of the State of Wyoming Department of Health and Social Services Division of Public Assistance & Social Service, Appellees (Defendants).**

No. 85–240.

Supreme Court of Wyoming.

Sept. 30, 1986.

Duane Myres, Casper, for appellant.

A.G. McClintock, Atty. Gen., Carole Shotwell, Sp. Asst. Atty. Gen., Whitehead, Zunker, Gage, Davidson & Shotwell, P.C., Cheyenne, for appellees.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Chief Justice.

The sole question presented in this case is whether Marcia Walker should have been afforded a hearing prior to the termination of benefits for her and her minor son under the Aid to Families with Dependent Children (AFDC) program. The Department of Health and Social Services (Department) denied a hearing after furnishing notice to Marcia Walker of the termination of benefits and of her opportunity to request a hearing, and that action was affirmed by order of the district court upon a petition for review presented by Walker. We hold that given the circumstances reflected in the record the law does not require that a fair hearing be granted to Marcia Walker, and we affirm the judgment of the district court.

Prior to May 20, 1985, Marcia Walker and her minor son were receiving benefits under the AFDC program. Another son was receiving social security benefits due to the death of his father. The total of these benefits for the three-member family was $688 per month. The rules of the Division of Public Assistance and Social Services (DPASS) were changed prior to May 20, 1985, in accordance with the Deficit Reduction Act of 1984, Public Law 98–369. Section 2640(a) of Public Law 98–369 provided that § 402(a) of the Social Security Act would be amended by inserting among others the following new paragraph which provided in pertinent part:

> "(38) * * * [I]n making the determination under paragraph (7) with respect to a dependent child and applying paragraph (8), the State agency shall (except as otherwise provided in this part) include—
>
> *   *   *   *   *   *
>
> "(B) [A]ny brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of § 406(a), if such * * * brother, or sister is living in the same home as the dependent child, and any income of or available for such * * * brother, or sister shall be included in making such determination and applying such paragraph with respect to the family * * *."

Title 45 C.F.R. § 206.10(a)(1)(vii) (1982) then was amended to provide that the definition of assistance unit included all related children, that is both of the minor sons of Marcia Walker. 49 Fed.Reg. 35,599 (1984) (to be codified at 45 C.F.R. § 206.10). Consistently with the amendment to the statute, existing federal AFDC policy, which permitted the exclusion of a child receiving social security benefits such as Walker's one son received, was stated to be no longer valid, and State Letter 1088, which promulgated that policy, was revoked. 49 Fed.Reg. 35,588–35,589 (1984) (to be codified at 45 C.F.R. § 206.10). The Wyoming Public Assistance Manual at § 5006.02 was changed to conform with the federal requirements.

The effect of these changes on the situation of Marcia Walker was that the social security benefits received by the one minor son had to be considered in determining the level of need of the three-person assistance unit. The result of these changes, in accordance with appropriate calculations, was that the AFDC benefit of $320 previously paid to Walker and the minor son who did not receive social security was eliminated. An employee of the Wyoming DPASS then advised Walker that the benefits would be terminated.

Upon receiving that advice Walker requested a fair hearing, or agency appeal of the termination. She indicated that her reason for requesting the hearing was to determine whether DPASS legally could terminate the benefits. On June 13, 1985, a letter from the Wyoming Department of Health and Social Services was sent to Walker denying the request for fair hearing. Walker received that letter June 27, 1985, and on July 25, 1985, she filed a petition for review in the district court. After amending the petition on July 26, 1985, Walker also filed motions requesting the district court to order the Department to afford her a hearing and to continue her benefits until the hearing was held.

While the proceedings were pending in the district court, Walker received another notice of termination on August 16, 1985, and she again requested a fair hearing on August 26, 1985. The district court entered an order on September 3, 1985, affirming the June denial of a hearing. Walker's benefits then were terminated on September 5, 1985. Walker filed a motion to vacate the district court's order on September 11, 1985, which the district court granted on September 12, 1985, but on September 18, 1985, another order was entered affirming the denial of the fair hearing. After that the Department of Health and Social Services sent Marcia Walker a letter on October 16, 1985, which informed her that her second request for a fair hearing, the one presented on August 26, 1985, also was denied. Walker's appeal is from the order of the district court affirming the denial of a fair hearing.

Walker's statement of the issues discloses that she attacks the denial of a hearing on all possible theories. Her statement of issues is:

"1. When the Department of Public Assistance and Social Services (hereinafter Agency or D–PASS) gives Claimant notice that they intend to terminate her AFDC benefits and Claimant timely requests a fair hearing to determine whether or not the Agency has the legal right to terminate her AFDC grant and/or reduce said benefit levels, does the denial of a fair hearing by the Agency violate Claimant's constitutional right of procedural due process under the Fourteenth Amendment of the United States Constitution which requires that she be afforded an evidentiary hearing before termination of her benefits by the Agency? See *Goldberg v. Kelly*, 397 U.S. 254, 25 L.Ed.2d 287, 90 S.Ct. 1011 (1970).

"2. Was the Agency's decision to deny Claimant's requests for fair hearing based upon Public Welfare, 45 C.F.R. § 205.10(a)(5)(v) unlawful in one or all of the following ways:

"A. Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; and/or

"B. Contrary to Claimant's constitutional right to due process; and/or

"C. In excess of statutory jurisdiction, authority or limitations or lacking statutory right; and/or

"D. Without observance of procedure required by law?

"3. Does the Agency's Rules and Regulations, Chapter 1, Procedures for the Conduct of Contested Case Hearings, Section 15, *Decisions* and Section 17(c)(5), *Transcripts and Records*, comply with the procedural due process requirements of Article I, Section 6 of the State of Wyoming's Constitution and the Fourteenth Amendment of the United States Constitution as set forth in detail by the United States Supreme Court in *Goldberg?*

"4. Did the District Court incorrectly find that:

"A. The Claimant's Petition for Review is based upon an incorrect assumption that she has a constitutionally protected interest in her AFDC benefits; and/or

"B. That W.S. § 16–3–106 applies to this Petition for Review and therefore the Agency decision is not subject to review;

"and thereby incorrectly decide that the Agency decision be affirmed and the Petition for Review be denied?

"5. Was the District Court in error not to decide Appellant's Petition for Review in accordance with W.S. § 16–3–114 and, thereby failing to find that the Agency's denial of Appellant Marcia Walker's request for hearing was wrong in that:

"A. The Agency action of failure to grant a fair hearing was unlawful;

"B. The Agency action of refusing to grant a fair hearing was:

"1. Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; and/or

"2. Contrary to Claimant's constitutional right to procedural due process as guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section 6 of the Wyoming Constitution; and/or

"C. In excess of the Agency statutory authority and in direct conflict with Claimant's statutory rights; and/or

"D. Without observance of procedure required by law; and/or

"F. That the Agency decision was unsupported by substantial evidence on the record?

"6. Did the District Court Judge abuse his discretion under W.S. § 16–3–114 and Rule 12, W.R.A.P. in failing to comply with said Rule by not compelling the Agency to complete the record prior to the District Court's decision denying any and all requests that motions or oral arguments be set or heard and by denying any written briefs be filed before he, on his own initiative and without notice to either party, affirmed the Agency's denial of Appellant's request for a fair hearing and denying Appellant's Petition for Review?" [1]

The appellees state the issues for decision as follows:

"A. The Department of Health and Social Services, Division of Public Assistance and Social Services denial of appellant's request for hearing upon termination of benefits from the Aid to Families with Dependent Children Program did not violate appellant's rights under the due process and equal protection clauses of the 14th Amendment to the United States Constitution, as interpreted in *Goldberg v. Kelly*, 397 U.S. 254, 25 L.Ed.2d 287, 90 S.Ct. 1011 (1970).

"B. The Division of Public Assistance and Social Services did not act arbitrarily or capriciously, exceed its jurisdiction or abuse its discretion in denying appellant's request for a hearing.

"C. The District Court, reviewing the appellant's petition under W.R.A.P. 12.-09, correctly confined its review to the issues before the agency and correctly confined its decision to meet the requirements of W.S. § 16–3–114(c).

"D. The reviewing court correctly decided the case based upon the procedural requirements of W.R.A.P. 12.07 and 12.-09."

Walker relies upon *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). In that case the Supreme Court of the United States held that it was a violation of the mandate of procedural due process embodied in the Fourteenth Amendment to the Constitution of the United States of America to terminate AFDC benefits such as those which are in issue in this case, without a pre-termination hearing. Examples of the grounds for terminating the benefits in *Goldberg v. Kelly*, supra, included the failure of the recipient to cooperate with the agency in a suit against the recipient's estranged husband, and the refusal of another recipient to accept counseling and rehabilitation for drug addiction. Issues of fact or issues of the applicability of policy or standards to the particular facts were assumed.

---

1. Walker has not furnished us a succinct statement of the issues to be decided in accordance with Rule 5.01, W.R.A.P. Our rule does not contemplate a prolix and rambling narrative such as that found in Walker's brief. In *Cline v. Safeco Insurance Companies*, Wyo., 614 P.2d 1335 (1980), this court pointed out that a failure to provide a list of issues violates Rule 5.01, W.R.A.P., and in that case and in *Mariner v. Marsden*, Wyo., 610 P.2d 6 (1980), the court criticized the presentation of arguments that did not correspond definitively with the statement of issues.

The opinion of the court said that the only function of such a pre-termination hearing would be "to produce an initial determination of the validity of the welfare department's grounds for discontinuance of payments in order to protect a recipient against an erroneous termination of his benefits." *Goldberg v. Kelly*, supra, 90 S.Ct. at 1020. In so holding the court said, "[I]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*, supra, 90 S.Ct. at 1021. The opinion emphasized, however, that it was dealing with factual disputes between a department and recipients, the resolution of which would result in the termination or continuation of benefit payments.

"These rights are important in cases such as those before us, where recipients have challenged proposed terminations as resting on incorrect or misleading factual premises or on misapplication of rules or policies to the facts of particular cases." *Goldberg v. Kelly*, supra, 90 S.Ct. at 1020.

In footnote 15, *Goldberg v. Kelly*, supra, 90 S.Ct. at 1020, the court pointed out that it did not address a situation in which there were no factual issues in dispute or in which application of the law was not intertwined with factual issues.

█ Walker's complaint presents just such a case. There are no factual questions in dispute so far as this record discloses. There is no question that both of the minor boys are Marcia Walker's sons and that they fall within the new regulations defining an assistance unit. There is no question that the one son receives social security in the amount of $368 per month. The only questions of fact which Walker claims could be determined at the fair hearing are (1) that the new assistance unit factors were not properly promulgated under the Wyoming Administrative Procedure Act, §§ 16–3–101 et seq., W.S.1977, and (2) that the need level, which ultimately determines the amount of the benefit for a given assistance unit, was not properly established.

As we understand Walker's brief and argument before this court, she contends that unless afforded a fair hearing she will have no forum in which to present challenges to the standard of need established by the Department of Health and Social Services; to the adoption of federal regulations in applying the Wyoming AFDC program without following the requirements for promulgation of the rules under the Wyoming statutes; and to the provisions in certain rules which she contends deny her an impartial decision maker. The district court correctly referred to § 16–3–106, W.S.1977, as the appropriate statutory procedure to treat with such issues. A fair hearing such as that which Walker seeks is not the appropriate forum for resolving these questions. Even so Walker is not left without a remedy. In *Rocky Mountain Oil and Gas Association v. State*, Wyo., 645 P.2d 1163, 1168 (1982), this court said that where "desired relief concerns the validity and construction of agency regulations, or if it concerns the constitutionality or interpretation of a statute upon which the administrative action is, or is to be, based the [declaratory judgment] action should be entertained." Despite her protestations to the contrary, Marcia Walker has an appropriate remedy.

It is clear from the focus of the arguments in her brief and at oral argument that the "facts" which Walker would have resolved in a hearing are legislative facts.

"Legislative facts are the facts which help the tribunal determine the content of law and of policy * * *. Legislative facts are ordinarily general and do not concern the immediate parties." *Scarlett v. Town Council, Town of Jackson, Teton County*, Wyo., 463 P.2d 26, 29 n. 5 (1969), quoting 2 Davis, Administrative Law Treatise § 15.03 at 353 (1958).

The requirement of due process of law that an opportunity be afforded to be heard on issues of adjudicative facts does not necessarily encompass any similar hearing on legislative facts. *Scarlett v. Town Council, Town of Jackson, Teton County*, su-

pra, citing *Londoner v. City and County of Denver*, 210 U.S. 373, 28 S.Ct. 708, 52 L.Ed. 1103 (1908) and *Bi-Metallic Investment Company v. State Board of Equalization*, 239 U.S. 441, 36 S.Ct. 141, 60 L.Ed. 371 (1915), and quoting 1 Davis, Administrative Law Treatise § 7.04 at 420 (1958).

■ Often it is difficult to determine whether facts are legislative or adjudicative, but adjudicative facts "relate to the parties, their activities, their properties, their businesses." *Scarlett v. Town Council, Town of Jackson, Teton County*, supra, citing 2 Davis, supra, § 15.03 at 353. The right to a hearing is determined by whether the agency is acting in a legislative or adjudicative capacity. *Foster's Inc. v. City of Laramie*, Wyo., 718 P.2d 868 (1986); *McGann v. City Council of City of Laramie*, Wyo., 581 P.2d 1104 (1978).

> "Legislative action produces a general rule or policy which applies to a general class of individuals, interests or situations. Judicial or adjudicatory functions apply generally to identifiable persons and specific situations." *Holdings Little America v. Board of County Commissioners of Laramie County*, Wyo., 670 P.2d 699, 702 (1983).

We have been consistent in recognizing that a different result may flow depending upon whether the facts to be settled are legislative or adjudicative.

■ The opinion in *Goldberg v. Kelly*, supra, is compatible with the distinction this court has made between adjudicative facts and legislative facts. As it has been construed by lower federal courts, that decision does not require a pre-termination hearing in a situation in which the sole questions to be decided clearly are not what we denominate as adjudicative facts. *Russo v. Kirby*, 453 F.2d 548 (2d Cir.1971); *Becker v. Conn*, 518 F.Supp. 740 (E.D.Ky. 1980). In this latter case the court relied upon *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), in which the Supreme Court structured a three-step test involving the balancing of interests to determine whether a pre-termination hearing was required. In the light of *Becker v.*

*Conn*, supra, we conclude that the due process requirement for a hearing pertains only when it is appropriate to test the truth of factual issues which affect the beneficiary's eligibility. In this instance Walker seeks to contest legal issues only, and the balancing factors suggested in *Mathews v. Eldridge*, supra, lead to a conclusion that a hearing was not required.

Walker argues, however, that she is involved in a contested case as defined in § 16–3–101, W.S.1977, and she therefore is entitled to a hearing without regard to the federal statutes, regulations, or case authority. Under the Wyoming Administrative Procedure Act, § 16–3–101(b)(ii), W.S. 1977:

> " 'Contested case' means a proceeding including but not restricted to ratemaking, price fixing and licensing, in which legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for hearing; * * *."

Walker asserts that the Department denied her a hearing by relying upon 45 C.F.R. § 205.10(a)(5)(1982), and that this reliance was improper because of her claimed right to a hearing pursuant to the Wyoming Administrative Procedure Act. The upshot, she again asserts, is a denial of her right to due process of law.

We conclude that Walker's position in this regard begs the question of whether a contested case is present in these circumstances and assumes the applicability of the contested case definition. The "rights, duties or privileges of a party" which the statute requires to be determined by an agency after an opportunity for a hearing must necessitate a trial-type hearing before the proceeding meets the statutory definition. *Scarlett v. Town Council, Town of Jackson, Teton County*, supra. In *Lund v. Schrader*, Wyo., 492 P.2d 202, 209 (1971), this court said, "[W]e made it clear in the Scarlett opinion that contested cases were not involved in legislative or argumentative-type hearings."

> "[A]n administrative matter qualifies as a contested case where the law, indepen-

dent of the Wyoming Administrative Procedure Act, requires rights to be determined after an opportunity for a trial type hearing." *In re Application for Certificate of Need by HCA Health Services of Wyoming, Inc.,* Wyo., 689 P.2d 108, 110 (1984), citing *Diefenderfer v. Budd,* Wyo., 563 P.2d 1355 (1977), and *Thornley v. Wyoming Highway Department, Motor Vehicle Division,* Wyo., 478 P.2d 600 (1971).

Walker's position that the Department should not have relied upon federal regulations in denying a hearing does not take into account the proposition that in cooperative state-federal programs such as this, the state provisions derive "meaning and substance from the corresponding federal enactments." *In re Application for Certificate of Need by HCA Health Services of Wyoming,* supra, 689 P.2d at 113. The corresponding federal enactments in this instance begin with 45 C.F.R. § 206.-10(1982), which requires that when there is proposed action to terminate assistance the agency must give timely and adequate notice which must comply with the provisions of 45 C.F.R. § 205.10(1982). That notice, including advice as to an opportunity for a hearing, is mandated in every instance. The pertinent portion of 45 C.F.R. § 205.-10(1982), is found in subsection (a)(5) which states in part:

"* * * * A hearing need not be granted when either State or Federal law requires automatic grant adjustments for classes of recipients unless the reason for an individual appeal is incorrect grant computation."

Later in subparagraph (a)(5)(v) the following language appears:

"The agency may deny * * * a request for hearing * * * where the sole issue is one of State or Federal law requiring automatic grant adjustments for classes of recipients, * * *." (As amended 47 Fed.Reg. 47,827(1982) (to be codified at 45 C.F.R. § 205.10)

Obviously this regulatory language is designed to be compatible with the decision in *Goldberg v. Kelly,* supra, which specifically

is referenced in 45 C.F.R. § 205.-10(a)(1)(ii)(1982).

The procedures of the Department of Health and Social Services do not conflict with the federal regulations cited and quoted above. The Department is required to notify recipients of the opportunity for a fair hearing. Wyoming Public Assistance Manual, § 5008.03. The rules and regulations of the Department, however, provide that a fair hearing need not be held in every case. Section 5(b)(1)(c), Rules and Regulations, Department of Health and Social Services, State of Wyoming, Procedures for the Conduct of Contested Case Hearings, provides:

"* * * A hearing may be denied if the request for a hearing does not meet the definition of a contested case. * * *"

Contested case is defined in § 4(c) of those Rules as:

"[A] proceeding by the Department or its divisions, involving, * * * benefit determination or level of benefits, * * * in which legal rights, duties or privileges of a party are required by law or regulation to be determined by the Department."

Walker then insists that this is exactly the effect of § 42-1-115, W.S.1977. Walker's reliance upon this statutory provision is not well founded. That statute provides:

"The Department, upon receipt of such an appeal, shall give the applicant or recipient reasonable notice and opportunity for a fair hearing. The Department may make such additional investigation as it may deem necessary and shall make such decision as to the providing of social services and the granting of assistance and the amount of assistance to be granted as in its opinion is justified, and in conformity with the provisions of this act." Section 42-1-115(b) W.S.1977.

The language of this statute is consistent with the provisions of 45 C.F.R. § 205.10, as amended, 47 Fed.Reg. 5673 (1982) and 47 Fed.Reg. 47,827 (1982).

Although an opportunity for hearing is recognized by both the state and federal regulations, it is clear that under the federal regulations a hearing is not mandated in

all instances. This is an instance in which a hearing is not mandated by the federal regulations, and it appropriately follows that because the state provisions are supplemented by the federal regulations, *In re Application for Certificate of Need by HCA Health Services of Wyoming*, supra, one may be denied under these state statutes. As we have indicated, a hearing is not required under due process of law because of the nature of the issue presented by Walker, and Walker has not directed us to any other provision of state law which seems to require the invocation of the contested case procedure. There are no factual issues that could be resolved in such a hearing.

■ We next address the contention of Walker that she has been denied an impartial decision maker in this case because the agency rules and regulations provide that the director, after reviewing the hearing officer's proposed findings of fact and conclusions of law, shall make a final decision. Section 15(b), Rules and Regulations, Department of Health and Social Services, State of Wyoming, Procedures for the Conduct of Contested Case Hearings. In this instance we have ruled that Walker is not entitled to a hearing. Consequently, whether the rule about which she complains violates procedural due process guarantees is not a justiciable question.

" * * * The criteria which qualify a justiciable controversy are set out in *Brimmer v. Thomson*, [*Wyo.*], supra, 521 P.2d [574] at 578 [ (1974) ] * * *:

" ' * * * First, a justiciable controversy requires parties having existing and genuine, as distinguished from theoretical, rights or interests. Second, the controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument, evoking a purely political, administrative, philosophical or academic conclusion. Third, it must be a controversy the judicial determination of which will have the force and effect of a final judgment in law or decree in equity upon the rights, status or other legal relationships of one or more of the real parties in interest * * *.' " *Washakie County School District No. One v. Herschler*, Wyo., 606 P.2d 310, 317–318, *reh. denied, cert. denied*, 449 U.S. 828, 101 S.Ct. 86, 66 L.Ed.2d 28 (1980).

Furthermore, in accordance with the standards reviewed in *Gooden v. State*, Wyo., 711 P.2d 405 (1985), Walker has not demonstrated standing to assert this question. Under the circumstances we do not address it.

■ We then turn to the claim that the district court erred in not proceeding with judicial review pursuant to the provisions of § 16–3–114, W.S.1977, ruling instead that review is foreclosed because of the provisions of § 16–3–106, W.S.1977. This court will affirm rulings of the district court for any proper reason appearing of record, even if the articulated reasons are incorrect. *Committee to Restore Mayor-Council Form of Government v. City of Rawlins*, Wyo., 692 P.2d 944 (1984); *Anderson v. Bauer*, Wyo., 681 P.2d 1316 (1984); *Mentock v. Mentock*, Wyo., 638 P.2d 156 (1981). In this case we also have applied the concept that when the case comes to us from a district court acting as an intermediate appellate court we review the case as if it had been appealed directly to this court without affording special deference to the rulings of the district court. *Employment Security Commission v. Laramie Cabs, Inc.*, Wyo., 700 P.2d 399 (1985); *Kloefkorn-Ballard Construction and Development, Inc. v. North Big Horn Hospital District*, Wyo., 683 P.2d 656 (1984); *Mountain Fuel Supply Company v. Public Service Commission of Wyoming*, Wyo., 662 P.2d 878 (1983).

■ Consistently with these propositions we affirm the action of the district court in this regard because of our holding that the agency action was lawful. Given that ruling the dispute about the appropriate modes of review substantially is moot.

Finally we address Walker's claim that the trial court abused its discretion in re-

fusing to allow briefing or oral argument on the petition for review. Section 16–3–114(a), W.S.1977, provides that "[t]he procedure to be followed in the proceeding [review] before the district court shall be in accordance with rules * * * adopted by the Wyoming supreme court." Rule 12.09, W.R.A.P., states in pertinent part that "[t]he district court may receive written briefs and hear oral argument in its discretion." Thus, Walker must depend upon an abuse of discretion in asserting error in this regard.

> "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. [Citations omitted.]" *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980).

When the issue is abuse of discretion by the trial court what is being tested is the propriety of a ruling. If this court is convinced that under the circumstances the lower court exceeded the bounds of reason or could not have reached the conclusion represented by its ruling in any reasonable way then an abuse of discretion has been identified. This court reverses errors of law, and if a trial court is to be reversed for an abuse of discretion then its action must be characterized as an error of law.

We have held, however, that the trial court correctly affirmed the agency's denial of a hearing. In light of the correctness of the decision of the district court, no matter how it was reached, we cannot say that there occurred an abuse of discretion in the denial of a request for the presentation of written briefs or oral argument.

The order of the district court affirming the rulings of the Department denying a hearing in the case of Marcia Walker is affirmed.