Deborah CAMPBELL, Appellant
(Plaintiff),

v.

DEPARTMENT OF FAMILY SER-
VICES, State of Wyoming, Ap-
pellee (Defendant).

No. 93–269.

Supreme Court of Wyoming.

Sept. 14, 1994.

Walter Urbigkit, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Michael L. Hubbard, Sr. Asst. Atty. Gen., Rowena Heckert, Sr. Asst. Deputy Atty. Gen., D. Stephen Melchior, Asst. Atty. Gen., Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY,** and TAYLOR, JJ.

GOLDEN, Chief Justice.

In this case, we consider whether Appellant Deborah Campbell, a recipient of benefits from Aid to Families With Dependent Children (AFDC), was entitled to a hearing following notification that her AFDC benefits would be reduced. The Department of Family Services (DFS) denied her request for a hearing and the district court affirmed that denial. We affirm the district court's judgment. Campbell also challenges the legality of the standard of need established by the legislature for 1993. We hold that issue cannot be determined by an administrative hearing and the proper forum is by a declaratory judgment action.

Appellant Campbell presents these issues:

1. Legal error in the July 6, 1993 denial of any hearing by the Wyoming Department of Family Services (DFS), which hearing was requested by the benefit recipient following agency notice of reduction in her benefit payment amounts.

2. Legal error in the hearing held by the District Court on the noticed issue of requested appointment of counsel to represent Petitioner on her petition for review from the administrative agency, which hearing then proceeded to a disorganized substantive analysis and discussion of a multitude of issues at a time before the administrative agency had filed any agency record pursuant to Wyo.R.App.P. 12.07, which "hearing" included subjects that were not included in the initially filed and amended petitions for review.

3. Legal error in determination that *Davidson v. Sherman*, 848 P.2d 1341 (Wyo. 1993) provided no rights to the AFDC benefit recipient for which an administrative hearing could be requested or legal review by a petition to the District Court be pursued because of conclusion of the Attorney General's Office, the administrative agency and the district court that *Davidson v. Sherman* was improperly decided by the Wyoming Supreme Court and consequently, ineffective to provide benefits to a Wyoming recipient of Aid to Families with Dependent Children.

## FACTS

Deborah Campbell is a recipient of AFDC. In 1993, the Wyoming Legislature enacted changes in the AFDC program which resulted in the DFS notifying Campbell that her benefits would be reduced to a total payment of $590. Campbell requested a hearing because she felt this was an "intrusion into legislative and executive matters." DFS sent Campbell a second notice informing her that her gap state payment[1] for the month of July 1993 would be $230. Campbell also requested a hearing with regard to this notice to find out why there was a decrease when the state "owe[d] [her] money from 1986–1990."

Without distinguishing between the two requests, DFS denied Campbell's request for a hearing in a letter dated July 6, 1993. In that letter, DFS indicated it understood ap-

---

\* Retired July 6, 1994.

\*\* Chief Justice at time of oral argument.

1. Wyoming is a "gap" state. Gap states are those states which cannot afford to fund the entire need of a family; a gap existed between the standard of need and the amount of assistance the state provided. Private income, including child support payments, may fill the gap without affecting eligibility for AFDC assistance. *Davidson v. Sherman*, 848 P.2d 1341, 1345 (Wyo. 1993). Since child support is assigned to the state, federal law requires that any portion of the amounts collected in any particular month as child support which will not cause ineligibility shall be added to the amount of aid paid to the family. 42 U.S.C. § 602(a)(28).

pellant's purpose for requesting a hearing was to appeal the reduction in the amount of AFDC grant resulting from the new legislatively established payment standard. DFS informed her that federal regulations permit the agency to deny or dismiss a request for a hearing where the sole issue is one of state law requiring automatic grant adjustments for class recipients. On this basis, DFS denied Campbell's request for a hearing.

Campbell wrote another letter to DFS on July 15, 1993, and was referred to the District Court. Campbell sent the court a letter with a Petition for Hearing heading and indicated that she was appealing the denied hearing for both notices. The letter also indicated that Campbell was requesting court appointed legal counsel. Campbell then filed documents entitled Petition for Review and a Request for Setting in district court. The documents requested: "want available counsel be provided by the state of Wyo. which is provided by Wy. statute 1957 as annexed by law." The court set a hearing for August 11, 1993.

On August 2, 1993, Campbell filed an amendment and supplement to her petition for review specifying three issues of law to be addressed. The first issue alleged that a computation error occurred because

the state agency kept more of her child support payments which were being made for Petitioner's dependents for the state's expenses, operational costs and computer expenditures rather than having the money made available for the children for whom the payments had been made.

The second issue alleged that any "ratable reduction from a Standard of Need was applied to an illegal and inappropriate Standard of Need * * * as established by * * * *Davidson v. Sherman*, 848 P.2d 1341 (Wyo. 1993)." The third issue alleged that petitioner was immediately entitled to a supplemental payment as required by 42 U.S.C. § 602(a)(28).

At the hearing, the court found that Campbell was not entitled to court appointed counsel, accepted the amended petition, and ordered a filing of the record and other evidence from both parties for the petition for review. After reviewing the materials, the court entered an Order Denying Petition for Review on October 26, 1993. This appeal followed.

## DISCUSSION

*Standard of Review*

■ An appeal from an agency decision which is affirmed by the district court is reviewed under Wyo.Stat. § 16–3–114(c) (1990). In this case, the agency denied Campbell her requests for a hearing concerning her benefits reduction. The statute requires this court to review whether the hearing was unlawfully withheld. Wyo.Stat. § 16–3–114(c)(i). We accord no deference to the district court's decision; instead, our judicial review of agency decisions is as a reviewing court of the first instance. *Matter of Nyquist*, 870 P.2d 360, 362 (Wyo.1994).

■ DFS denied Campbell a hearing upon finding that under the relevant federal regulation a hearing was not mandated. Our review of an agency's conclusion of law is also governed by Wyo.Stat. § 16–3–114(c). If the conclusion of law is in accordance with law, it is affirmed; if it is not in accordance with law, it is to be corrected. *Nyquist* at 362. That regulation states:

(a) *State plan requirements.* A State plan under title * * * IV–A * * * of the Social Security Act shall provide for a system of hearings under which:

(5) An opportunity for a hearing shall be granted * * * any recipient who is aggrieved by any agency action resulting in * * * reduction * * * of assistance * * * A hearing need not be granted when either State or Federal law requires automatic grant adjustments for classes of recipients unless the reason for an individual appeal is incorrect grant computation.

(v) The agency may deny or dismiss a request for a hearing * * * where the sole issue is one of State or Federal law requiring automatic grant adjustments for classes of recipients * * *.

45 C.F.R. § 205.10(a)(5) (1993).

Campbell disputes that this regulation applies to this situation. She contends the legislation and department action did not in-

volve a grant adjustment, but instead was a change in law related only to the standard of need. Although the Wyoming statute clearly refers to AFDC financial assistance as a "grant," what is important for our purposes is Campbell's acknowledgement that there was a change in the law.

■ This federal regulation applies when recipients' benefits are reduced as a result of changes in controlling federal and state statutes. *See Rosas v. McMahon*, 945 F.2d 1469 (9th Cir.1991). The regulation indicates an intent to distinguish the right to a hearing to contest an agency action on the basis of an individual's specific facts from the right to a hearing as a means of contesting issues of state or federal law or policy. *Benton v. Rhodes*, 586 F.2d 1, 3 (6th Cir.1978); *see* Aid Paid Pending the Hearing Decision, 38 Fed.Reg. 22,006 (1973); Methods for Determination of Eligibility, 51 Fed.Reg. 9193 (1986); (distinguishing between results when the sole issue is one of a change in state or federal law). Campbell relies upon the United States Supreme Court decision in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) as establishing her right to a hearing. *Goldberg*, however, was limited in its holding to cases where the recipient has raised factual issues. *Goldberg*, 397 U.S. at 267–71, 90 S.Ct. at 1020–22, 25 L.Ed.2d at 298–300. And *see Walker v. Karpan*, 726 P.2d 82, 87 (Wyo.1986) (discussing the limited nature of *Goldberg*). There is no obligation for the state to provide an evidentiary hearing when an individual is challenging a proposed termination or reduction based solely on questions of policy or law. *Walker*, 726 P.2d at 87 (*citing Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

Although Campbell characterizes her benefits reduction as a computational error, the record does not reflect nor does Campbell enumerate any facts or numbers demonstrating any computational error in DFS' determination of her benefits.[2] Campbell is receiving the maximum amount permitted under the statute, but still contends the computational error occurs because the legislature illegally reduced the benefits. Campbell's illegality argument is based upon our opinion in *Davidson v. Sherman*, 848 P.2d 1341 (Wyo.1993).

That opinion clarified that because Wyoming's participation in the federal government program, AFDC, is partially funded by the federal government, Wyoming's program is subject to federal law concerning the program. *See Davidson v. Sherman*, 848 P.2d 1341 (Wyo.1993). *Davidson* also explained that while federal law requires Wyoming to adopt a standard of need which reflects actual need, Wyoming is permitted to make payments less than that standard of need to accommodate the state's budgetary constraints. *Davidson*, 848 P.2d at 1344. In 1990, the Legislature established the *standard of need* as $674 for a family of three. 1990 Wyo. Sess. Laws ch. 109, § 071(8).

In 1993, the Legislature determined that as of July 1, 1993, the level of benefits would be 87.5 percent[3] of the *standard of need*, which effectively reduced the assistance payment standard to $590 for a family of three. 1993 Wyo. Sess. Laws ch. 227 § 049(3). Campbell contends this reduction is illegal. She contends that our decision in *Davidson* requiring the legislature to set the *standard of need* on actual need requires cost of living adjustments.

---

**2.** Campbell's second request for a hearing was to receive an accounting concerning the amount of child support the state was receiving on behalf of her children and using in the computations of her total assistance payment. Campbell does not explain how such information would be useful to her when she is already receiving the maximum statutory amount and cites no authority which permits a hearing for that type of information. It is inadequate simply to allude to an issue or identify only a potential issue. *Saldana v. State*, 846 P.2d 604, 622 (Wyo.1993) (Golden, J., concurring). It is not the function of this court to

frame a party's argument. *Id.* This court has consistently refused to consider positions which are not supported by cogent argument or pertinent authority. *Id.*

**3.** This type of an adjustment is called a "ratable reduction." Here, the ratable reduction was 12.5 percent. As noted by this court in *Davidson v. Sherman*, 848 P.2d 1341, 1344 (Wyo.1993), such a ratable reduction is permissible under federal law as a means of adapting state payment obligations to budgetary and financial realities of the states. *45 C.F.R. § 233.20(a)(2)(ii) (1992).*

Campbell's argument is not a factual dispute of her specific benefits' computation made by DFS, but an attack of the state law which lowered benefits for all of those recipients situated similarly to Campbell. Or, in the words of the regulation, the new state law automatically adjusted grants for a class of recipients. The questions of fact which Campbell would present for determination at a hearing relate to whether the legislature legally enacted the reduction in benefits. In *Walker*, 726 P.2d at 86–87, this court explained that such an argument involved legislative facts.

Legislative facts cannot usually be resolved in a hearing because legislative facts are ordinarily general and do not concern the immediate parties but help the tribunal determine the content of law and of policy. *Walker*, 726 P.2d at 86. Legislative facts must be distinguished from adjudicative facts which relate to identifiable parties and specific situations and would require a hearing. *Id.* at 87. Campbell presents no authority which would permit a hearing to resolve the legislative facts she presents. The applicable authority is the federal regulation cited above and Campbell is not entitled to a hearing.

■ Campbell contends that state law affords her a hearing because this is a contested case. *Walker* is also dispositive of this contention. As explained in *Walker*, a challenge that the legislatively adopted standard of need violates state and/or federal law cannot be made in a contested case administrative hearing because it involves legislative facts. *Id.* at 87. Relying on previous decisions, this court held that only adjudicative facts are addressed in a contested case proceeding. Appellant's appropriate remedy for a challenge of legislative action is a declaratory judgment action. *Walker*, 726 P.2d at 86.

Campbell next contends that she was denied due process at the district court hearing. Her specific complaint appears to be that the court heard arguments on issues besides whether the court should appoint her counsel and denied her petition for review without receiving the administrative record or briefs. The record does not support this contention at all. It clearly indicates that the court clarified Campbell's action as a petition for review and only denied her request for court-appointed counsel. No decision concerning the petition for review was made at the hearing.

■ Campbell next contends that the notice she received failed to comply with 45 C.F.R. § 205.10(a)(4)(iii) (1993). Because this issue was not raised in the proceedings below and is presented for the first time in this appeal, it is not considered. *Iberlin v. TCI Cablevision*, 855 P.2d 716, 726 (Wyo. 1993).

Finally, Campbell contends that the legislature illegally set a *standard of need* without first determining actual need. Since we have already determined that a petition for review is an improper forum for this legal question, we do not address the merits of this issue.

## CONCLUSION

■ The Department of Family Services may deny a request for a hearing where the sole issue is one of state or federal law requiring automatic grant adjustments for classes of recipients. Campbell's challenge to the legislature's 12.5 percent reduction in AFDC assistance payments was a challenge to a change in law and DFS properly denied her request for a hearing.

Affirmed.